UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


EDWARD DANE JEFFUS,

       Petitioner,

v.                                CASE NO. 6:10-cv-1174-Orl-28DAB

ATTORNEY GENERAL FOR THE
STATE OF FLORIDA,

       Respondent.

_____/

## ORDER

Petitioner has filed a pleading entitled "Complaint" (hereinafter referred to as the "complaint") pursuant to Federal Rule of Civil Procedure 60(d)(1) seeking "to obtain relief from an Order of Dismissal entered in Jeffus v. Ray, Case No. 6:97-cv-448-22GJK on September 9, 1997 (doc. 24), and to reopen that proceeding for a resolution on the merits of only the Fourth Amendment claim . . . ."  *See* Doc. No. 1, Petitioner's Complaint at 1. Upon consideration of the complaint, the Court ordered Respondent to show cause why the relief sought therein should not be granted.  Thereafter, Respondent filed a response to the complaint in compliance with this Court's instructions (Doc. No. 12).  Petitioner filed a reply to the response (Doc. No. 14).

## I.  *Procedural History*

Petitioner was charged by information with trafficking in cocaine. A jury trial was

held, and Petitioner was found guilty as charged. Petitioner was adjudicated guilty on January 12, 1995, and sentenced to a seventeen-year term of imprisonment. Petitioner appealed, and the Florida Fifth District Court of Appeal *per curiam* affirmed on October 24, 1995. Mandate was issued on November 13, 1995.

Petitioner filed a timely federal habeas petition in August of 1996 in the District of South Carolina, and the petition was appropriately transferred to this Court on April 24, 1997, in case number 6:97-cv-448-Orl-22GJK. On September 9, 1997, the Court dismissed the petition without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), finding that the petition contained both exhausted and unexhausted claims.

Without returning to state court, Petitioner filed a second habeas petition in this Court on June 29, 1998. *See* Case Number 6:98-cv-751-Orl-22JGG, Doc. No. 1. On May 12, 1999, the Court denied the petition as untimely. Petitioner filed a third habeas corpus petition in this Court on May 14, 2004. *See* Case Number 6:04-cv-717-Orl-31JGG, Doc. No. 1. However, because the petition was successive, the Court dismissed the petition without prejudice to Petitioner's right to file an application for leave to file a second or successive habeas petition with the Eleventh Circuit Court of Appeals. *See id.* at Doc. No. 4.

Following the Court's dismissal in case number 6:97-cv-448-Orl-22GJK, Petitioner filed numerous motions in that case seeking relief from the judgment, all of which were denied. However, in the Court's Order of March 12, 2009, which denied Petitioner's Motion to Vacate Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court did issue a certificate of appealability to the Eleventh Circuit Court of Appeals as to

2

the following issue:

> Whether Petitioner was entitled to equitable tolling in his second federal habeas petition for the time his first federal habeas petition was pending before the district court and, if so, whether he is entitled to relief from judgment, the reopening of his case, and federal habeas review pursuant to Federal Rule of Civil Procedure 60(b)(6).

*See* Doc. No. 55, Case Number 6:97-cv-448-Orl-22GJK.  The Eleventh Circuit Court of Appeals affirmed this Court's denial of his motion for relief filed pursuant to Rule 60(b)(6). The United States Supreme Court denied certiorari.

## II.   *Analysis*

Petitioner makes it abundantly clear that he is not presenting "a motion [that seeks relief] under any of the six circumstances listed in Fed. R. Civ. P. 60(b), nor is it a motion based on fraud upon the court permitted under Fed. R. Civ. P. 60(d)(3).  Instead, it is an independent action in equity authorized under Fed. R. Civ. P. 60(d)(1) . . . ."  *See* Doc. No. 14, Petitioner's Reply, at 1.  Petitioner essentially claims that the State, in arguing against Petitioner's request for habeas relief in case number 6:97-cv-448-Orl-22GJK, misled this Court and the appellate court by representing that Petitioner had available postconviction remedies to exhaust his claims.  According to Petitioner, his claims were actually procedurally barred in the state court, and, therefore, he did not have a postconviction remedy available.  He states, however, that he has not pled an equitable action for fraud under Rule 60(d)(3); instead his complaint "is based exclusively on Fed. R. Civ. P. 60(d)(1)." *Id.* at 23.

Rule 60(d)(1) permits the court to "entertain an independent action to relieve a party

from a judgment, order, or proceeding . . ." "Because a Rule 60 independent action is an equitable one, the proponent must show a meritorious claim or defense. Furthermore, relief under Rule 60(d) is reserved for the rare and exceptional case where a failure to act would result in a miscarriage of justice." *Sharpe v. United States*, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010).

In addition, Rule 60 may not be used to again challenge the movant's underlying conviction after the habeas petition attacking the same conviction has been denied, and a Rule 60(d) motion may not be used as a substitute for appeal. *Id.* If the motion is a renewed argument of issues decided in a prior habeas proceeding, it is successive; however, if it challenges the integrity of the habeas proceedings, it is not a successive petition and may be considered. *Id.*

In the complaint, Petitioner has raised claims again challenging his underlying conviction or sentence. As to those claims, Petitioner's Rule 60(d)(1) motion is a successive habeas petition that cannot be filed without authorization from the Eleventh Circuit Court of Appeals. Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to raising such claims, and, since he has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application, those claims are dismissed.

However, Petitioner has also raised claims challenging the disposition of his original habeas petition. In particular, he alleges that Respondent "committed fraud on the court" by making "false representations" that were "material to the outcome of that proceeding."

4

*See* Doc. No. 1, Petitioner's Complaint at 6, 8. The Court finds that Petitioner is not entitled to relief under Rules 60(d)(1) because he has not demonstrated that relief is required in order to prevent a "grave miscarriage of justice." *See Mims v. United States*, 2010 WL 3025226, at *1 (D. Conn. July 30, 2010) (finding that "independent actions under Rule 60(d)(1) are available only to prevent a grave miscarriage of justice.").

Petitioner has not shown that Respondent committed fraud. Petitioner has previously raised this argument, and it has been reviewed and found to be without merit. In addition, Petitioner has not shown that he has a meritorious claim. Consequently, since he has not demonstrated exceptional circumstances that would entitled him to this extraordinary relief, his request for relief under Rule 60(d)(1) is denied. *See Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980) (noting that "Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances.").

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Petitioner's Complaint (Doc. No. 1) is **DISMISSED.**

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.[1]

3.      This Court should grant an application for certificate of appealability only if

---

[1] The Clerk of Court is directed to send Petitioner the Eleventh Circuit Court of Appeal's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b), which should be used if Petitioner seeks to relitigate (or present new) claims.

the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 5 day of July, 2011

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 7/1
Counsel of Record
Edward Dane Jeffus

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts,*

    The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.